**SIGNED THIS: February 7, 2012**

_____
**Gerald D. Fines**
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PREMIER DATA SOLUTIONS, INC., | ) | Bankruptcy Case No. 08-91050 |
| | ) | |
| Debtor. | ) | |
| | | |
| MARSHA COMBS-SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 10-9029 |
| | ) | |
| SHERI L. GORMAN, | ) | |
| f/k/a SHERI L. GERBERDING, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

This matter having come before the Court for trial on an Amended Complaint to Recover

Transfers; the Court, having heard sworn testimony and reviewed the written closing arguments

of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052

of the Federal Rules of Bankruptcy Procedure.

<u>Findings of Fact</u>

The material facts in this matter were stipulated to by the parties and are, in pertinent part, as follows:

1.      This is an action to avoid any receiver fraudulent transfers pursuant to 11 U.S.C. §548 and 550 and 11 U.S.C. §544(b)(1); 740 ILCS 160/5, 160/6, and 160/9(b).

2.      This is a case proceeding under 28 U.S.C.A. 157(b)(2)(H).

3.      This Court has jurisdiction of the subject matter under 28 U.S.C. §1334(b).

4.      Venue is proper pursuant to 28 U.S.C. 1409(a).

5.      Plaintiff Marsha Combs-Skinner is the duly qualified and acting Trustee for the Debtor Premier Data Solutions, Inc.

6.      Defendant Sheri L. Gorman, f/k/a Sheri L. Gerberding, is an individual residing in Kankakee County, Illinois.

7.      Gary Gerberding was at all times referred to in the Amended Complaint to Recover Transfers as the President and sole shareholder of the Debtor, Premier Data Solutions, Inc.

8.      From January 1, 2005, through August 23, 2007, the Debtor made payments from its checking account to the Defendant Sheri Gorman in the sum of $39,602.03.

9.      Plaintiff's Trial Exhibit Nos. 1-11 were admitted into evidence.

10.     Defendant's Trial Exhibit Nos. 1-21 were admitted into evidence.

In addition to the matters stipulated to by the parties, the Court finds that the facts adduced at trial clearly establish that the Debtor Corporation was insolvent from January 1, 2005, through August 2007.  The evidence further indicates that the Debtor Corporation paid the sum of $39,602.03 to the Defendant from January 1, 2005, through August 23, 2007.  The Debtor Corporation did not owe the Defendant any money.  All of the payments made to the Defendant were obligations of the President of the Debtor Corporation, Gary Gerberding, personally, which arose from orders and agreements entered in the State Court divorce proceedings of Gary

Gerberding and the Defendant. Although the Defendant has argued that monies which she loaned to Gary Gerberding were actually used for the Debtor Corporation's business, there is no credible evidence to support Defendant's argument.

<u>Conclusions of Law</u>

At the outset, the Court would note that the Plaintiff is not asserting a claim for actual fraud pursuant to 11 U.S.C. §548(a)(1)(A). The Plaintiff is only asserting a claim for constructive fraud pursuant to 11 U.S.C. §548(a)(1)(B), which states:

> (a)  (1)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily -- . . .
>
>   (B)  (i)  received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>   (ii)  (I)  was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
>   (II)  was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>
>   (III)  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>
>   (IV)  made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under employment contract and not in the ordinary course of business.

The plaintiff bears the burden of proof on all elements of 11 U.S.C. § 548(a)(1)(B) by a preponderance of the evidence. <u>In re Joy Recovery Technology Corp.</u>, 286 B.R. 54, at 73 (Bankr. N.D. Ill. 2002). Once the plaintiff has established the elements of fraudulent transfer, the burden shifts to the defendant to establish the issue of whether reasonably equivalent value was received by the debtor in exchange for the transfers to the defendant. The defendant's burden is also by a preponderance of the evidence. <u>Scholes v. Lehman</u>, 56 F.3d 750 (7th Cir. 1995). The

3

determination of "reasonably equivalent value" is not made by a fixed mathematical formula, but rather by a comparison of the value of what was transferred to the defendant to the value of what the debtor received in exchange. Barber v. Golden Seed Company, Inc., 129 F.3d 382 (7th Cir. 1997). Reasonably equivalent value is determined at the time of the transactions at issue. In re Fairchild Aircraft, 6 F.3d 1119 (5th Cir. 1993). Fraud is presumed if the debtor transfers property for less than adequate value and is thereby unable to meet its other obligations. Society of Lloyd's v. Collins, 284 F.3d 727 (7th Cir. 2002). Given the Stipulation of facts of the parties, the admission of all exhibits, and the clear facts adduced at trial, the Court finds that the Plaintiff has established a *prima facie* case for a constructively fraudulent transfer from the Debtor Corporation to the Defendant pursuant to the provisions of 11 U.S.C. §548(a)(1)(B). The Plaintiff has shown that (1) Debtor Corporation transferred monies in the sum of $39,602.03 to the Defendant; (2) the transfer was made for less than reasonably equivalent value; and (3) the Debtor Corporation was insolvent during the entire period over which the transfers to the Defendant were made.

The Defendant has failed to meet her burden that "reasonably equivalent value" was given to the Debtor Corporation in exchange for the transfers to her. There is no credible evidence to support the Defendant's assertion that the Debtor Corporation owed her money. The only evidence offered by the Defendant to prove reasonably equivalent value was the deposition testimony of Gary Gerberding that he loaned the funds which he obtained from the Defendant back to the Debtor Corporation. This is not sufficient evidence of reasonably equivalent value. The testimony of Gary Gerberding is not credible and, given substantial evidence of Gary Gerberding's egregious personal use of the Debtor Corporation's funds for his own personal purposes, the Court is unable to find that, even if Gary Gerberding had invested monies obtained from the Defendant in the Debtor Corporation, those funds were actually used for business purposes of the Debtor Corporation. In sum, the Court finds that Plaintiff has proven the elements of a constructively fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(B), and that the

4

Defendant failed to establish her burden to show that the Debtor Corporation had received reasonably equivalent value in exchange for the transfers to her.  As such, judgment should be entered in favor of the Plaintiff and against the Defendant in the amount of $39,602.03.

###